UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE STEVEN MARTIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SANDRA PENNYWELL, et al.,<br><br>　　　　Defendants. | CASE NO. 1:13-cv-01281-MJS<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 10)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

## SCREENING ORDER

**I.　PROCEDURAL HISTORY**

Plaintiff Kyle Steven Martin, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 25, 2013. (ECF No. 5.) On August 30, 2013, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim. (ECF No. 7.) Plaintiff's First Amended Complaint (ECF No. 10) is now before the Court for screening.

**II.　SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.  SUMMARY OF FIRST AMENDED COMPLAINT

The First Amended Complaint identifies the following Defendants: (1) Sandra Pennywell, Warden, North Kern State Prison; (2) John Doe CCI; (3) John Doe CCII; and (4) John Doe CSR Board. Plaintiff alleges that the Defendants allowed him to be housed for four months in and around areas where Valley Fever is present. (Compl. at 3.)

### IV.  ANALYSIS

#### A.  Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

1 supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B.      Minimum Pleading Requirements

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The First Amended Complaint states that the Defendants are responsible for housing Plaintiff in a facility where Valley Fever is present. Plaintiff offers no more factual detail.

The Court is unable to determine the viability of Plaintiff's claim because the amended complaint offers almost no context or description of the circumstances surrounding his incarceration at that facility. Plaintiff was previously instructed that he must provide a description of the events underlying his claim and explain how exactly each Defendant is responsible for alleged constitutional violation. The factual allegations provided in the amended complaint are far from sufficient. The Court will provide one final opportunity to amend.

The amended complaint must describe what happened, when, who was responsible, and how the events amount to a violation of his federal rights. Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045

(9th Cir. 1989). Finally, all filings must bear Plaintiff's original signature. Fed. R. Civ. P. 11(a); Local Rule 131.

The following section contains, as a reference for Plaintiff's further pleading, the legal standard applicable to an Eighth Amendment claim based on exposure to Valley Fever.

**C.   Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer v. Brennan, 511 U.S. 825, 847 (1994).

A prisoner "may state a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

The Courts of this district have repeatedly found that confinement in a location where Valley Fever[1] is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm. See, e.g., Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that

---

[1] Valley Fever, also known as coccidioidomycosis, is "'an infectious disease caused by inhalation of a fungus (Coccidioides) that lives in the soil of dry, low rainfall areas. It is spread through spores that become airborne when the dirt they reside in is disturbed by digging, construction, or strong winds. There is no direct person-to-person transmission of infection.'" Plata v. Brown, 2013 WL 3200587, *2 (N.D. Cal. June 24, 2013).

Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); see also Gilbert v. Yates, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).

Thus, Plaintiff cannot state an Eighth Amendment claim based solely upon mere exposure to, or contraction of, Valley Fever.  There are circumstances however where exposure to Valley Fever could conceivably give rise to an Eighth Amendment claim. Smith v. Schwarzenegger, 393 F. App'x. 518 (9th Cir. 2010) (citing Helling, the Court held that it was not inconceivable that the Plaintiff could allege a cognizable claim based on Valley Fever exposure).

Courts have deemed the first prong of an Eighth Amendment claim satisfied where the plaintiff has identified a factor responsible for either increasing the risk of contraction or the severity of infection.  See, e.g., Stevens v. Yates, 2012 WL 2520464, *3 (E.D. Cal. June 28, 2012) (nearby construction disturbed soil); Owens v. Trimble, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); Whitney v. Walker, 2012 WL 893783, *2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); Thurston v. Schwarzenegger, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race); see also Plata v. Brown, 2013 WL 3200587, *7 n. 10, *14 (N.D. Cal. June 24, 2013) (finding that the following groups are at an increased risk of harm from Valley Fever infection and should therefore be excluded from Pleasant Valley State Prison and Avenal State Prison: inmates designated as medically high-risk; "'[p]atients with impaired cellular immunity, such as those with solid organ transplants, those with HIV infection, and those with chronic obstructive pulmonary disease, chronic renal failure, congestive heart failure, diabetes; patients receiving TNF inhibitors (medications used in the treatment of arthritis); Filipino and African-American men; and pregnant women in the 2nd or 3rd trimester.'").

Plaintiff must also demonstrate that a Defendant exhibited deliberate indifference to a substantial risk of serious harm to Plaintiff. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

## V.  **CONCLUSION AND ORDER**

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff one final opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed November 6, 2013;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   November 27, 2013        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

7