UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE STEVEN MARTIN,<br><br>            Plaintiff,<br><br>     v.<br><br>SANDRA PENNYWELL, et al.,<br><br>            Defendants. | CASE NO. 1:13-cv-01281-AWI-MJS<br><br>ORDER RECOMMENDING DISMISSAL WITH PREJUDICE<br><br>(ECF NO. 17)<br><br>PLAINITFF'S OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Kyle Steven Martin, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 25, 2013. (ECF No. 5.) Plaintiff's Complaint (ECF No. 5) and First Amended Complaint (ECF No. 10) were screened and dismissed, with leave to amend, on August 30, 2013 and December 2, 2013, respectively, for failure to state cognizable claims. (ECF Nos. 7 and 14.) Plaintiff's Second Amended Complaint (ECF No. 17) is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

1

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF SECOND AMENDED COMPLAINT

The Second Amended Complaint identifies the following Defendants: (1) Sandra Pennywell, Warden, North Kern State Prison; (2) John Doe CCI; (3) John Doe CCII; and (4) John Doe CSR Board. Plaintiff alleges that the Defendants housed him in and around areas where Valley Fever is present with knowledge that Plaintiff is an older African American and is therefore more susceptible to the disease. (Compl. at 3.)

### IV. ANALYSIS

#### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B.   Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. Farmer v. Brennan, 511 U.S. 825, 847 (1994).

A prisoner may state "a cause of action under the Eighth Amendment by alleging that [prison officials] have, with deliberate indifference, exposed him to [environmental conditions] that pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993).

The Courts of this district have repeatedly found that confinement in a location where Valley Fever[1] is prevalent, in and of itself, fails to satisfy the first element of an Eighth Amendment claim, i.e. that the condition poses an excessive risk of harm. See, e.g., Smith v. Yates, 2012 WL 1498891, *2 (E.D. Cal. Apr. 27, 2012) (citing King v.

---

[1] Valley Fever, also known as coccidioidomycosis, is "'an infectious disease caused by inhalation of a fungus (Coccidioides) that lives in the soil of dry, low rainfall areas. It is spread through spores that become airborne when the dirt they reside in is disturbed by digging, construction, or strong winds. There is no direct person-to-person transmission of infection.'" Plata v. Brown, 2013 WL 3200587, *2 (N.D. Cal. June 24, 2013).

3

Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal. Mar. 4, 2009) ("[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health."); see also Gilbert v. Yates, 2010 WL 5113116, *3 (E.D. Cal. Dec. 9, 2010); Willis v. Yates, 2009 WL 3486674, *3 (E.D. Cal. Oct. 23, 2009).

Thus, Plaintiff cannot state an Eighth Amendment claim based solely upon mere exposure to, or contraction of, Valley Fever. There are circumstances however where exposure to Valley Fever could conceivably give rise to an Eighth Amendment claim. Smith v. Schwarzenegger, 393 F. App'x. 518 (9th Cir. 2010) (citing Helling, the Court held that it was not inconceivable that the Plaintiff could allege a cognizable claim based on Valley Fever exposure).

Courts have deemed the first prong of an Eighth Amendment claim satisfied where the plaintiff has identified a factor responsible for either increasing the risk of contraction or the severity of infection. See, e.g., Stevens v. Yates, 2012 WL 2520464, *3 (E.D. Cal. June 28, 2012) (nearby construction disturbed soil); Owens v. Trimble, 2012 WL 1910102, *2 (E.D. Cal. May 25, 2012) (asthma); Whitney v. Walker, 2012 WL 893783, *2-4 (E.D. Cal. Mar. 15, 2012) (immune system compromised by cancer); Thurston v. Schwarzenegger, 2008 WL 2129767, *2 (E.D. Cal. May 21, 2008) (various medical conditions, including asthma, and race); see also Plata v. Brown, 2013 WL 3200587, *7 n. 10, *14 (N.D. Cal. June 24, 2013) (finding that the following groups are at an increased risk of harm from Valley Fever infection and should therefore be excluded from Pleasant Valley State Prison and Avenal State Prison: inmates designated as medically high-risk; "[p]atients with impaired cellular immunity, such as those with solid organ transplants, those with HIV infection, and those with chronic obstructive pulmonary disease, chronic renal failure, congestive heart failure, diabetes; patients receiving TNF

inhibitors (medications used in the treatment of arthritis); Filipino and African-American men; and pregnant women in the 2nd or 3rd trimester.'").

Plaintiff alleges that he is an African American male and is therefore at an increased risk of harm from Valley Fever. This is sufficient to satisfy the first element of Plaintiff's Eighth Amendment claim. Plata, 2013 WL 3200587, *7 n. 10, *14. However, the amended complaint does not set forth sufficient factual matter to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949. Quite simply, despite having been twice before instructed as to what has been lacking in his pleadings, Plaintiff has now failed in this, his third attempt, to supply that which is needed. He does not include any allegations explaining how the named Defendants, or any of them, participated in the Eighth Amendment violation. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002. He says nothing about who did what when and where that caused him to be housed as he is or why he believes that any Defendant acted knowingly, i.e., was aware of his increased risk of harm, and was in a position to do something to avoid or correct it.

For these reasons, the Second Amended Complaint fails to state a cognizable claim. Plaintiff has been instructed twice previously as to what is necessary to state a claim. His continued inability to do so is evidence he cannot. Further leave to amend would serve no useful purpose.

## V.    CONCLUSION AND RECOMMENDATION

Plaintiff's Second Amended Complaint does not state a cognizable claim against the named Defendants. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 28, 2013           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE