UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE S. MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANDRA PENNYWELL, et al.,<br><br>　　　　Defendants. | CASE NO. 1:13-cv-01281-AWI-MJS (PC)<br><br>ORDER DENYING MOTION TO REOPEN CASE<br><br>(ECF No. 25) |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  (ECF Nos. 5 & 22.)

Plaintiff"s Complaint (ECF No. 5) and First Amended Complaint (ECF No. 10) were screened and dismissed, with leave to amend, on August 30, 2013 and December 2, 2013, respectively, for failure to state cognizable claims.  (ECF Nos. 7 and 14.)  On December 30, 2013, the Court screened Plaintiff's Second Amended Complaint and recommended dismissal with prejudice because Plaintiff had failed to cure identified deficiencies in his prior complaints and state a cognizable claim.  (ECF No. 21.)  On May 21, 2014, the District Court adopted those Findings and Recommendations and

dismissed the case with prejudice.  (ECF Nos. 23 & 24.)

Before the Court is Plaintiff's March 16, 2015 motion to reopen the case.  (ECF No. 25.)  Plaintiff seeks to have his case reopened on the basis that he has mental disabilities which have prevented him from timely meeting the Court's deadlines.

Plaintiff misconstrues the reason for the Court's prior dismissal and closure of his action.  Plaintiff's case was not dismissed for failure to timely respond to Court orders.  Rather, Plaintiff's case was dismissed with prejudice because, after three attempts, he was unable to state a cognizable claim.  To the extent that Plaintiff seeks reconsideration of the Court's final screening order, the following legal standard applies.

**II.     MOTION FOR RELIEF FROM FINAL JUDGMENT**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (*quoting Latshaw v. Trainer Wortham & Co., Inc.,* 452 F.3d 1097, 1103 (9th Cir. 2006)).  The moving party "must demonstrate both injury and circumstances beyond his control." *Latshaw,* 452 F.3d at 1103.  In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision.  *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111,

2

1131 (E.D. Cal. 2001) (*quoting Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D. N.J. 1992)).

Plaintiff states his mental disability has affected his ability to timely respond to court orders. But, as noted above, his case was not dismissed for failure to respond or delay in responding. It was dismissed because it did not set forth a cognizable claim.. Plaintiff has not presented any recognizable basis for reopening his case.

**IV.    CONCLUSION AND ORDER**

Based on the foregoing, Plaintiff's motion to reopen (ECF No. 25.) is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   May 4, 2015                    /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

3