UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE S. MARTIN,<br><br>    Plaintiff,<br><br>    v.<br><br>SANDRA PENNYWELL, et al.,<br><br>    Defendants. | CASE NO. 1:13-cv-01281-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S RULE 60(b) MOTION**<br><br>**(ECF No. 27)** |

## I. PROCEDURAL HISTORY

Plaintiff is a former state prisoner[1] proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 5 & 22.)

Plaintiff's Complaint (ECF No. 5) and First Amended Complaint (ECF No. 10) were screened and dismissed, with leave to amend, on August 30, 2013 and December 2, 2013, respectively, for failure to state cognizable claims. (ECF Nos. 7 and 14.) On December 30, 2013, the Court screened Plaintiff's Second Amended Complaint and recommended dismissal with prejudice because Plaintiff had failed to cure identified deficiencies in his prior complaints and failed to state a cognizable claim. (ECF No. 21.) On May 21, 2014, the District Court adopted those Findings and Recommendations and dismissed the case with prejudice. (ECF Nos. 23 & 24.)

On March 16, 2015, Plaintiff filed a motion to reopen case on the ground that he had mental disabilities that prevented him from timely meeting the Court's deadlines.

---

[1] On December 9, 2015, Plaintiff filed a Notice of Change of Address, revealing that he is no longer incarcerated. (ECF No. 28.)

(ECF No. 25.) That motion was denied on May 4, 2015, after the undersigned explained that the reason for the dismissal of this action was not because of a failure to timely comply with a court order, but instead because he failed to state a cognizable claim despite three opportunities. (ECF No. 26.)

Now before the Court is Plaintiff's July 16, 2015, Rule 60(b) motion for relief from judgment. (ECF No. 27.) Plaintiff now asserts that his mental disabilities prevented him from stating a claim.

## II.     MOTION FOR RELIEF FROM FINAL JUDGMENT

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quoting Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006)). The moving party "must demonstrate both injury and circumstances beyond his control." Latshaw, 452 F.3d at 1103. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

 "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision.  U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D. N.J. 1992)).

2

Plaintiff moves for relief from judgment, stating that his mental disability affected his ability to state a claim but that he now has a jailhouse lawyer assisting him. Attached to Plaintiff's motion is a third amended complaint, which the jailhouse lawyer helped Plaintiff prepare.

Plaintiff's motion will be denied. First, it comes 14 months after entry of final judgment in this case. Pursuant to Rule 60(c)(1), a motion for relief from judgment "must be made within a reasonable time …." "What constitutes a 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the prejudice to the opposing parties." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981). A party who filed a Rule 60(b) motion after the time for appeal has expired must establish "the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1293 (9th Cir. 1982).

Reviewing the facts here, the Court finds that a 14-month delay in seeking relief from judgment is not a "reasonable time" within the meaning of Rule 60(b)(6). Plaintiff contends that he is a member of the Clark Program,[2] and his developmental disability prevented him from properly articulating a claim. In support, Plaintiff submits a November 26, 2013, progress note indicating that Plaintiff's mental health designation is "DD1." Pl.'s Mot. Ex. B. "Prisoners classified as DD1 are equivalent to those with 'mild' mental retardation. [Citation.] Although considered higher functioning, DD1 prisoners still require a variety of adaptive supports." Clark v. California, 739 F. Supp. 2d 1168, 1188 (N.D. Cal. 2010). Plaintiff also submits an unsigned letter dated June 2, 2015, stating that he has a mental disability affecting his ability to read and respond to "even basic correspondences." Plaintiff purportedly received help from "R. Silverman, Ph.D.,

---

[2] The Armstrong and Clark cases are class actions brought against state officials for violation of the ADA, the Rehabilitation Act, and the Constitution by present and future prisoners and parolees suffering from certain disabilities. Armstrong v. Schwarzenegger, 622 F.3d 1058, 1062-63 (9th Cir. 2010); Clark v. California, 739 F. Supp. 2d 1168, 1173-74 (N.D. Cal. 2010). These actions are in the remedial stage, and there are remedial plans in place. Id.

3

Psychologist" in writing the letter, but it is not clear who Dr. Silverman is and what his or her relationship is to Plaintiff, so little weight, if any, can be given to this letter's content. In any event, Plaintiff's developmental disabilities have been known to him since at least the initiation of this action. Under these circumstances, his filing of this motion on these grounds 14 months after entry of judgment is unreasonable.

Even if reasonable, Plaintiff has not established the existence of extraordinary circumstances justifying relief from judgment. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control .... " Id. (internal quotation marks and citation omitted). Acknowledging that Plaintiff's mental health designation is DD1, he has not shown that this designation, standing alone, is the reason for his inability to articulate a claim. The November 16, 2013, progress note provides that the effect of Plaintiff's mental deficits on his academic ability is that he reads "very slow[ly]" and has "problems with simple math." Neither of these limitations would appear to affect his ability to follow the directives in the Court's screening orders. It is also unclear how Plaintiff's jailhouse lawyer will be of assistance to him now that Plaintiff has been released from prison.

### III. CONCLUSION

For these reasons, IT IS HEREBY ORDERED that Plaintiff's motion for relief from judgment (ECF No. 27) is DENIED. There shall be **no future filings** in this action; attempts to file will be disregarded.

IT IS SO ORDERED.

Dated:   January 25, 2016            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE

4